UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

-----------------------------------------------------------x

DORA A. JENKINS,

                Plaintiff,

-against-

JOHN DOE, Court Officer of the New York State
Unified Court System; THE CITY OF NEW YORK;
THE UNIFIED COURT SYSTEM OF NEW YORK
CITY,

                Defendants.

-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
14-CV-6748 (ARR) (LB)

ROSS, United States District Judge.

Pro se plaintiff, Dora A. Jenkins, filed this action on November 14, 2014, pursuant to 42 U.S.C. § 1983, against defendants, John Doe, an unidentified Court Officer of the New York State Unified Court System, the City of New York, and the New York State Unified Court System.[1] The court grants plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed and plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint.

**I. Background**

Plaintiff brings this action in connection to an incident that occurred on January 7, 2014, at the Kings County Supreme Court Building in Brooklyn, New York. Plaintiff alleges that after passing through a metal detector in the main lobby of the building, an unidentified Court Officer,

---

[1] Although the caption lists the Unified Court System of New York City as a defendant, no such entity exists. Based on plaintiff's allegations that the incident in question occurred at a state court building, the court assumes that the plaintiff intended to include the New York State Unified Court System as a defendant.

1

John Doe, "initiate[d] a verbal dispute with her," and stepped in front of her, "threaten[ing] her by using unreasonable and unnecessary [i]ntimidating body language." Compl. at 2. Officer Doe then told plaintiff to "'[e]ither shut [her] mouth or get out of here.'" Id. Plaintiff further alleges that Officer Doe made statements "in a form of a [m]enacing [d]emeanor to [i]ntimidate [plaintiff]," suggesting that "he would possibly do her physical harm if she did not comply with his [a]uthority" and asking her "[w]hat [she was] going to do about it[?]" and "[did she] want to take it outside[?]" Id. Plaintiff also alleges that Officer Doe stepped behind her and "attempt[ed] to touch her 'left arm' to escort her out of the building." Id. After leaving the building, plaintiff called 911 but was told by the police officers who arrived soon thereafter to speak to someone at the information desk of the courthouse. Id. at 3. Plaintiff spoke to a Lieutenant Galford at the information desk and relayed her version of the incident, and was given a phone number to follow up on the incident after a few days. Id. Plaintiff alleges that she tried to follow up but was unable to speak with anyone about her complaint. Id.

Plaintiff alleges that her "First Amendment Freedom of Speech" rights were violated. Id. at 4. Plaintiff also seeks $750,000 in punitive damages, Officer Doe's termination, and criminal charges against Officer Doe under New York State Penal Law. Id. at 3-4.

## II. Standard of Review

Pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the court must assume the truth of "all well-

pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). However, a district court shall dismiss an in forma pauperis action where it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## III. Discussion

In order to maintain a claim under 42 U.S.C. § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right, but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). The complaint must contain "specific allegations of fact that indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient" to state a claim under § 1983. Morpurgo v. Inc. Village of Sag Harbor, 697 F.Supp.2d 309, 341 (E.D.N.Y. 2010) (internal citations omitted).

### A. Verbal Harassment

Private citizens do not have a constitutional right to initiate criminal proceedings. See

Leeke v. Timmerman, 454 U.S. 83, 86 (1981) (per curiam) ("'[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'") (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973))); Litchmore v Moran, No. 14-CV-4180, 2014 WL 4161707, at *2-3 (E.D.N.Y. Aug. 19, 2014). Plaintiff therefore cannot bring criminal charges of harassment and menacing against Officer Doe.

Even if plaintiff's claims were liberally construed as civil claims against Officer Doe, the complaint does not plead sufficient facts to sustain them. "[A]llegations of verbal harassment are insufficient to base a § 1983 claim if no specific injury is alleged." Johnson v. Eggersdorf, 8 F. App'x 140, 143 (2d Cir. 2001); Milo v. City of New York, No. 14-CV-1172, 2014 WL 5933091, at * 6 (E.D.N.Y. Nov. 14, 2014). Plaintiff has not alleged that she sustained any injury as a result of her verbal dispute with Officer Doe.

### B. First Amendment Violation

The only remaining claim is that Officer Doe violated plaintiff's First Amendment right to free speech. In order to assert such a claim, plaintiff must allege that (1) she "has an interest protected by the First Amendment," (2) "defendants' actions were motivated or substantially caused by [plaintiff's] exercise of that right," and (3) "defendants' actions effectively chilled the exercise of [plaintiff's] First Amendment right." Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001) (citing Connell v. Signoracci, 153 F.3d 74, 79 (2d Cir. 1998)). Here, plaintiff has not alleged that she was attempting to exercise her right to free speech when Officer Doe "harassed" her, nor that Officer Doe's actions were motivated by her attempt to exercise that right. Plaintiff does allege that Officer Doe told her to "[e]ither shut [her] mouth or get out of here," Compl. at 2, but there is no indication that she was trying to speak at that time or that her speech rights were in

any way actually chilled.

**C. State and Municipal Defendants**

Plaintiff's attempt to name the New York State Unified Court System as a defendant fails under 42 U.S.C. § 1983. The Eleventh Amendment bars federal court claims against states, absent consent to such suit or an express statutory waiver of immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The Unified Court System is not a "person" within the meaning of 42 U.S.C. § 1983. See Posr v. Court Officer Shield No. 207, 180 F.3d 409, 414 (2d Cir. 1999); see also Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009). Therefore, under the Eleventh Amendment, the Unified Court System, as an agency of the state, is immune from suit.

Likewise, the plaintiff has not pled sufficient facts to sustain a claim of municipal liability against New York City. See Monell v. Dept. of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). "[T]o hold a city liable under section 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Torraco v. Port Auth. of N.Y. and N.J., 615 F.3d 129, 140 (2d Cir. 2010) (internal quotation marks omitted); see also Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) (stating that a mere assertion of a custom or policy is not sufficient to sustain a § 1983 claim against a municipal defendant in the absence of any allegations of fact). Although plaintiff names the City of New York in the caption of her complaint, she does not allege any facts to support an inference that the alleged constitutional violation was the result of a New York City policy or custom. See Merced v.

City of New York, No. 14-CV-6285, 2014 WL 5682516, at * 2 (E.D.N.Y. Nov. 3, 2014); Dudley v. Meekins, No. 13-CV-1851, 2013 WL 1681898, at *4 (E.D.N.Y. Apr. 17, 2013).

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B). In light of this Court's duty to liberally construe pro se complaints, and in an abundance of caution, plaintiff is given thirty (30) days leave to file an amended complaint. Cruz v. Gomez, 202 F.3d 593, 598 (2d Cir. 2000).

Plaintiff is directed that her amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should plaintiff elect to file an amended complaint, the amended complaint must state the basis for federal jurisdiction and must set forth the factual allegations to support her claims against all named defendants, as discussed above. Plaintiff must identify each defendant in both the caption and the body of the amended complaint, and name as proper defendants those individuals who have some personal involvement in the actions she alleges in the amended complaint. Plaintiff must also provide the dates and locations for each relevant event. As plaintiff is aware, if she does not know the names of the individual(s), she may identify each of them as John or Jane Doe, along with a descriptive information and place of employment.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

If plaintiff fails to comply with this order within the time allowed, judgment shall enter. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good

faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross

ALLYNE R. ROSS
United States District Judge

Dated: December 10, 2014
      Brooklyn, New York

SERVICE LIST

Dora A. Jenkins
Plaintiff, Pro Se
370 Lexington Ave, Apt. 2B
Brooklyn, NY 11216